Satish KUMAR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–71188.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 3, 2008.

R.App. P. 34(a)(2).

Samuel Patrick Ouya Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Leslie McKay, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Satish Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

■ Kumar submitted no evidence demonstrating that his application was timely filed, or that changed or extraordinary circumstances existed to excuse his late filing. He therefore failed to meet his burden of demonstrating by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States or that his late filing should be excused. *See* 8 U.S.C. § 1158(a)(2)(B), (D).

■ Substantial evidence supports the BIA's adverse credibility determination because Kumar's sworn statement during the credible fear interview is materially inconsistent with his testimony before the IJ regarding the length of his detention and dates of his arrest. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002) (reviewing credibility determination for substantial evidence); *cf. Singh v. Gonzales,* 403 F.3d 1081, 1089–90 (9th Cir.2005) (holding that petitioner's answers during asylum interview do not provide substantial evidence to support the IJ's adverse credibility finding where the petitioner was not given an opportunity to explain inconsistencies, there was no transcript of the interview, and there was no indication that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the petitioner's testimony during the interview was under oath). Further, Kumar failed to provide a reasonable explanation for this inconsistency, and this inconsistency goes to the heart of his claim. *See Kaur v. Gonzales,* 418 F.3d 1061, 1066–67 (9th Cir.2005).

In the absence of credible testimony, Kumar failed to demonstrate eligibility for withholding of removal or relief under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**